UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

Eric Michael Sorenson,                        No. 13-cv-3104 (ADM/LIB)

       Plaintiff,

v.                                       **REPORT AND RECOMMENDATION**

Minnesota Department of Human Services,
et al.,

       Defendants.
_____

       This matter is before the undersigned United States Magistrate Judge upon the routine supervision of cases, by assignment made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A); and upon Defendants' Motion to Dismiss, [Docket No. 20], and Plaintiff's Motion to Consider the Defendants' Current Motion to Dismiss Moot or Denied, [Docket No. 48]. For reasons set forth below, the Court recommends that Defendants' Motion to Dismiss, [Docket No. 20], be **DENIED as moot without prejudice**; and that Plaintiff's Motion to Consider the Defendants' Current Motion to Dismiss Moot or Denied, [Docket No. 48], be **DENIED as moot**.

       Eric Michael Sorenson ("Plaintiff"), a patient in the Minnesota Sex Offender Program ("MSOP"), proceeding *pro se*, initiated the present lawsuit on or about November 13, 2013, naming as Defendants several agencies and employees of the State of Minnesota (the "State"). (Compl. [Docket No. 1]). On February 25, 2014, the State, on behalf of those Defendants, timely responded to the Complaint by making a Motion to Dismiss. [Docket No. 20]. Subsequently, on March 18, 2014, Plaintiff made a Motion for Leave to File an Amended Complaint as of Course ("Motion to Amend"). [Docket No. 44]. Because Plaintiff sought to amend his Complaint within 21 days after the State made its Motion to Dismiss, Plaintiff was entitled under Fed. R. Civ. P.

1

15(a)(1)(B) to amend his Complaint as a matter of right. Therefore, the Court granted Plaintiff's Motion to Amend. (Order [Docket No. 57]). On March 28, 2014, Plaintiff filed his Amended Complaint, [Docket No. 60], within the time as instructed by this Court.

The Court now considers, sua sponte, the effect Plaintiff's Amended Complaint has on Defendants' pending Motion to Dismiss. "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." In re Wireless Tel.Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) (citing In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000) (citing, in turn, Washer v. Bullitt County, 110 U.S. 588, 562 (1884) ("When a petition is amended by leave of the court the cause proceeds on the amended petition."))). Consequently, "if a defendant files a Motion to Dismiss, and the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's Motion to Dismiss moot." Onyiah v. St. Cloud State Univ., 655 F. Supp. 2d 948, 958 (D. Minn. 2009) (Erickson, C.M.J.), adopted by 655 F. Supp. 2d 948 (D. Minn. 2009) (Rosenbaum, J.). "If [the defendants] believe[] that certain of the claims in the Amended Complaint fail, [they] must file a new motion aimed at that pleading." Varga v. U.S. Bank Nat'l Assn., 2013 U.S. Dist. LEXIS 46659, at *3 (D. Minn. Apr. 1, 2013) (Kyle, J.).

Accordingly, Plaintiff's Amended Complaint, [Docket No. 60], necessarily renders Defendants' previously filed pending Motion to Dismiss, [Docket No. 20], moot, as Defendants' motion addresses a now-obsolete complaint.  The Undersigned recommends that Defendants' motion to dismiss be denied as moot and without prejudice.[1]

In accordance with Fed. R. Civ. P. 15(a)(3), Defendants are also hereby directed to serve and file their answer or otherwise plead in response to Plaintiff's Amended Complaint within

---

[1] As a result, Plaintiff's Motion to Consider the Defendants' Current Motion to Dismiss Moot or Denied, [Docket No. 48], is also necessarily moot, and, accordingly, the Undersigned recommends that this motion be denied as well.

fourteen (14) days of the date that this Report and Recommendation is adopted or any objections thereto are sustained by the assigned District Judge..

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1. That Defendants' Motion to Dismiss, [Docket No. 20], be **DENIED as moot and without prejudice**; and

2. That Plaintiff's Motion to Consider the Defendants' Current Motion to Dismiss Moot or Denied, [Docket No. 48], be **DENIED as moot**, as set forth above.

DATED: April 2, 2014                    s/Leo I. Brisbois
                                                       LEO I. BRISBOIS
                                                       United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by April 16, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within **fourteen (14) days** of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.